## GEORGE R. IVES *vs.* THE FARMERS' BANK.

In an action by the indorsee against the maker of a promissory note, in which the defendant sets up a partial payment by the indorser, and it is in dispute whether a sum of money paid by the indorser to the indorsee was to be applied on this note or others on which the indorser was liable, it is erroneous to instruct the jury that, if the sum " was left upon condition that it should be applied in part payment of the note only in case the maker should make security for or payment of the balance, and a negotiation ensued between the maker and indorsee upon the basis that the money should first be applied upon the note, and the maker pay the balance, the payee could not afterward deny to the maker the benefit of that sum in payment, although said negotiations fell through."

'nterest at the rate of six *per cent.* only can be recovered in an aption in this commonwealth, upon a note by the terms of which no interest is payable, although it was given and payable in another state where a higher rate is allowed by law.

No exception lies to the decision of a judge of the superior court upon the question whether there is upon the face of a note in suit a manifest alteration, which requires explanation from the party producing it, before it can be read to the jury; nor to his refusal to allow the jury to take its appearance into consideration, in reference to the question whether or not it was received in good faith by an indorsee, who has brought an action upon it, if the only peculiarity relied upon is the insertion in the body of the note, after the name of the payee, of a day of payment which corresponds with the last day of grace, according to the time previously stated therein for the note to run

An instrument executed and delivered in this form: " $1585.90.  Brooklyn, September 20th 1858.                    after date    promise to pay to the order of Dec. 23,                    dollars at                    , value received. J. S.," is a promissory note; and in an action against the signer by one to whom it was indorsed, after the blanks had been filled up by the person to whom the signer delivered it, evidence is inadmissible to show that it was intended only as a memorandum.  And the note is not rendered invalid by filling the blanks, if they are not so filled as to alter its effect; but the insertion of the words " three months," to express the time of payment, if done without authority, is a material alteration.

In an action brought in this commonwealth by the indorsee against the maker of a promissory note, payable in New York, executed in and by a resident of New York, and indorsed in and to a resident of Connecticut, the defendant has no ground of exception to a ruling of the judge rejecting an alternative offer of evidence by him to prove that the note was taken by the indorsee upon a consideration usurious by the laws of Connecticut or New York.

The rule established in this commonwealth that one who takes a negotiable instrument in payment of a preëxisting debt is entitled to the same protection as any other holder for value, is applicable to an action brought by the indorsee in this commonwealth, although he resides, and the indorsement was made, in another state.

WRIT OF REVIEW of a judgment in favor of the Farmers' Bank, of Bridgeport, Connecticut, against George R. Ives, of Brooklyn, New York, upon the following note:

" $1585,90. Brooklyn, *September 20th* 1858. *Three months* after date *I* promise to pay to the order of *Edwin R. Yale,* Dec. 23, *fifteen hundred and eighty five* $\frac{90}{100}$ dollars at *Atlantic Bank, New York,* value received. *Geo. R. Ives.*" (indorsed) *Edwin R. Yale.*

At the trial in the superior court, before *Rockwell,* J., the note was produced, and those portions of it which are printed above in Roman letters were engraved, and the rest, including the figures, filled in with a pen. After proof of the signature, Ives objected to the reading of the note to the jury upon the ground that there was upon its face a manifest alteration, which the bank was bound to explain, namely, the insertion of "Dec. 23" in the body of the note; but the judge, after examination of the note, overruled the objection.

The circumstances under which the note was signed and filled up, and certain alterations therein were made, together with other material facts, are stated in the opinion.

The note was discounted by the Farmers' Bank for Yale on the 12th of October 1858, and the sum of $400 of its avails was applied in payment of an instalment then due to them upon another note of Yale; and Ives contended that, as to this sum, the bank could not be considered as a *bona fide* holder of the note for value, but the judge declined so to rule.

Ives also contended that the bank did not receive and discount the note in good faith; and, in reference to this claim, requested the judge to instruct the jury that it was proper for them to take into consideration the appearance of the note in respect to its alleged alterations; but the judge instructed them otherwise.

The bank claimed seven *per cent.* interest, after maturity of the note; but the judge ruled that only six *per cent.* should be allowed.

The jury returned a verdict for the bank, for the amount of the note, deducting $217, which was claimed to have been paid, under circumstances stated in the opinion; and both parties alleged exceptions.

*J. D. Colt & J. E. Field,* for the plaintiff in review.

*I. Sumner & M. Wilcox,* for the defendants in review.

Hoar, J.   The first exception taken by the defendants in review, the plaintiffs in the original action, must be sustained. They sued upon a promissory note, and the promisor claimed the allowance, as a partial payment upon it, of the sum of $217. There was evidence that this sum was paid by the indorser of the note, at a time when he was also indebted to the bank upon other notes, to be applied to this note in case the plaintiff in review should furnish security for or pay the balance of it; but otherwise not; and that it was entered at first generally to the indorser's credit as a deposit, and afterwards, by his consent, applied by the bank to the payment of the other notes.   It further appeared that there was a negotiation between the parties to this action respecting the payment of the note, which resulted in nothing.   The court instructed the jury that, "if the $217 was left upon condition that it should be applied in part payment of the note only in case Ives should make security for or payment of the balance, and a negotiation ensued between Ives and the bank upon the basis that the money ($217) should first be applied upon the note, and Ives pay the balance, the bank could not afterward deny to Ives the benefit of that sum in payment, although said negotiation fell through."

We are at a loss fully to understand the meaning attached to the phrase " a negotiation upon the basis," in this instruction of the learned judge ; and the difficulty perhaps arises from the fact that it is an expression of colloquial use, and not adapted to convey his idea with legal precision.   If it means that, if the bank had once actually applied the money to the payment of this note, with the consent of the indorser, or without objection on his part, they could not afterward change its application, and deprive Ives of the benefit of it, it would certainly be correct.   But if it conveyed the idea that the bank, by making a proposition to Ives that the payment should be so applied in case he would provide for the balance due, would be bound to make the application if the negotiation failed, it appears to us to have been manifestly erroneous.   As we fear that the jury may have acted upon this latter understanding, the verdict must be set aside and a new trial granted.

The instruction as to the measure of damages, to which the defendants in review objected, was in conformity to the settled rule in this commonwealth.   No interest was payable by the terms of the contract ; and the action being brought in Massachusetts, the rate of interest allowed  here must be the measure of damages.   The point was fully considered and settled in the recent case of *Ayer* v. *Tilden*, 15 Gray,     .

Exceptions were also taken by the plaintiff in review, which, so far as they may affect the course of a future trial, it is proper to decide :

1. The first was upon an objection made to the reading of the note declared on to the jury, before explaining an apparent alteration upon its face.   Whether such an alteration were apparent was a question of fact, to be decided by the judge at the trial upon inspection ; and his decision of that fact is not the subject of exception.

2. The plaintiff in review offered evidence tending to prove that, at the time when he signed the alleged note, he received a note of the said Yale for the same amount, as an accommodation note, engaging to pay the same at maturity; and that he did pay the same accordingly.   He further offered to prove that, as a memorandum of the transaction, he took the printed blank form of a note, and wrote the figures " $1585,90," the date " Dec. 23 " in the body of the note, and signed his name at the bottom, the said Yale having written the date " September 20th 1858," that he gave it to Yale in that condition as a memorandum only, and upon the express agreement that it should not be used as a note ; and that subsequently, without his knowledge or consent, it was filled up by said Yale, and procured to be discounted.   The presiding judge ruled that, if the bank discounted the note in good faith, these facts would constitute no defence.   It becomes important, then, to see what the paper, as it was at first delivered, imported upon its face ; and whether it constituted a contract between the parties.   If it were a complete and valid contract as it was delivered, it certainly would not be competent for either party to show by parol that it was not to have the effect of a contract, for this would be to

vary by parol the meaning of a written instrument. If it were delivered as a perfect contract, without any authority express or implied to alter it in any manner, any material alteration made without the consent of the promisor would avoid it. *Wade* v. *Withington*, 1 Allen, 561.

Taking the written and printed parts together, the note, as it was delivered by Ives to Yale, reads as follows:

" $1585.90. Brooklyn, September 20th 1858.
after date    promise to pay to the order of
Dec. 23,                                         dollars at
                  value received. Geo. R. Ives."

After much consideration we are of opinion that this was a promissory note, and that testimony was not admissible to show that it was intended only as a memorandum. It has the signature of a promisor; a date; the words "promise to pay"; a statement of the amount payable; a time of payment; and thus has all the parts of a complete note, except the name of a payee. But in *Cruchley* v. *Clarance*, 2 M. & S. 90, it was held that issuing a bill with a blank for the name of the payee would authorize a *bona fide* holder to insert a name. Lord Ellenborough said: "As the defendant has chosen to send the bill into the world in this form, the world ought not to be deceived by his acts. The defendant by leaving the blank undertook to be answerable for it when filled up in the shape of a bill." And in *Crutchly* v. *Mann*, 5 Taunt. 529, a bill was made payable to the order of ——, and the court held that any bearer who came regularly by it might fill the blank with his own name. See also *Attwood* v. *Griffin*, 1 Ry. & Mood. 425. If it had been passed to the bank by Yale in the condition in which he received it, it would therefore have been a complete note, except the name of a payee, and the bank would have been authorized to fill the blank with any name that they had chosen; and as they took it in good faith, it can make no difference in the rights of any party that the blank was filled by Yale, in order to add his own liability as an indorser.

But delivering the note to Yale in that condition would not of itself give him authority to alter it in any particular in which

it was already filled up and completed. The date at which it was payable was already inserted, namely, " Dec. 23." And although if Ives had authorized the insertion of the words " three months," so as to make it read " three months after date," the dates might very likely have been held not to be repugnant, by considering the date of " Dec. 23 " as merely indicating the time when the note payable in three months from date would actually be payable, including the days of grace, yet without such authority the insertion of those words would make a material alteration of the note. A note payable on " Dec. 23," being payable on a day certain, would be entitled to grace, and so would not be due until December 26th. If the case is tried again, it will therefore be proper to submit to the jury the question whether Yale was actually clothed by Ives with express or implied authority to fill up the blank preceding the words " after date " with the words " three months." It may also be proper to call their attention to the further consideration, whether in any event, as for example if Ives had neglected to pay the note which he borrowed from Yale, it was understood by the parties that Yale was at liberty to fill up the blanks so as to make it a note of similar tenor with the other ; as, in such a case, the rule adopted in *Putnam* v. *Sullivan,* 4 Mass. 45, and in *Young* v. *Grote,* 4 Bing. 253, would be applicable, and the premature or fraudulent exercise of the authority would not affect the validity of the instrument in the hands of a *bona fide* holder.

3. The plaintiff in review offered to prove that the note was taken by the bank upon a consideration usurious " by the laws of Connecticut or New York." As the note was taken in Connecticut, the laws of New York had no operation, and such an alternative offer was not made in a form which the court could be required to adopt.

4. By the settled law of Massachusetts, a party who takes a negotiable instrument in payment of a preëxisting debt is regarded as entitled to the same protection as any other taker for a valuable consideration ; and this law must govern in a trial in this commonwealth. *Blanchard* v. *Stevens,* 3 Cush. 162.

*Chicopee Bank* v. *Chapin,* 8 Met. 40. *Stoddard* v. *Kimball,* 6 Cush. 469. The same rule prevails in Connecticut, where the note was negotiated. *McCaskey* v. *Sherman,* 24 Conn. 605. It seems also to be the latest rule adopted in New York, though the decisions in that state have been somewhat conflicting. *Youngs* v. *Lee,* 2 Kernan, 551.

5. The request to the court to allow the jury to take into consideration the appearance of the note, in respect to the alleged alteration, does not appear to have been based upon any fact which required it to be granted.　　　*Exceptions sustained.*